IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ANTHONY MILLS,<br><br>    Plaintiff,<br><br>    v.<br><br>ARLENE BLUTH,<br><br>    Defendant. | CIVIL ACTION<br><br>No. 26-2109-KHV-ADM |

### MEMROANDUM AND ORDER

Pro se plaintiff Anthony Mills brings suit against Arlene Bluth, seeking $1 million in damages. Complaint (Doc. #1)  On March 4, 2026, Magistrate Judge Angel D. Mitchell granted plaintiff's motion to proceed in forma pauperis ("IFP").  As discussed in further detail below, the Court dismisses plaintiff's complaint for failure to state a claim upon which relief may be granted.

When a plaintiff proceeds IFP, the Court may screen the complaint under 28 U.S.C. § 1915(e)(2)(B).  The Court may dismiss the complaint if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The purpose of Section 1915(e)(2) is to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate." *Buchheit v. Green*, 705 F.3d 1157, 1161 (10th Cir. 2012).

Dismissal under Section 1915(e)(2)(B)(ii) is governed by the same standard that applies to motions to dismiss pursuant to Rule 12(b)(6), Fed. R. Civ. P. *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).  To withstand dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Dismissal of a pro se plaintiff's complaint for failure to state a claim is "proper only where it is obvious that the plaintiff cannot prevail on the facts . . . alleged and it would be futile to give [plaintiff] an opportunity to amend." *Curley v. Perry*, 246 F.3d 1278, 1281 (10th Cir. 2001). The Court must "accept the facts alleged in the complaint as true and view them in the light most favorable to the plaintiff." *Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016).

Because Mills is proceeding pro se, the Court construes his pleadings liberally and holds them "to a less stringent standard than those drafted by attorneys." *Johnson v. Johnson*, 466 F.3d 1213, 1214 (10th Cir. 2006). In doing so, however, the Court does not "assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Plaintiff still bears "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.*

Mills's complaint is barely three sentences long and contains insufficient facts to establish this Court's jurisdiction or to assert a plausible claim. The complaint does not explain who Bluth is, and the only facts alleged against Bluth are that she "conspired with individuals in depriving due process rights" and "failed to dismiss 100269/2023, causing unreasonable cost to the parties." (ECF 1, at 1.) It does not state any other information about the referenced "individuals," or when or where the conspiracy allegedly occurred. In addition, if Bluth is a judge, she likely is entitled to judicial immunity. *See Mireles v. Waco*, 502 U.S. 9, 11–12 (1991). In the end, the Court cannot construe Mills's complaint in any manner that states a claim upon which relief may be granted, and granting Mills leave to amend would be futile. For these reasons, the Court dismisses plaintiff's complaint.

3

**IT IS THEREFORE ORDERED** that under 28 U.S.C. § 1915(e)(2)(B)(ii), plaintiff's complaint (Doc. #1) filed February 23, 2026 is DISMISSED for failure to state a claim on which relief can be granted.

**IT IS SO ORDERED.**

Dated this 4th day of March, 2026 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge